**Opinion filed September 30, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00213-CV

_____

## IN RE KELSI MICHELLE BAGGETT

---

## Original Mandamus Proceeding

---

## M E M O R A N D U M   O P I N I O N

Relator, Kelsi Michelle Baggett, has brought a mandamus action against the Honorable Carter T. Schildknecht, Judge of the 106th District Court of Gaines County, Texas. This original proceeding arises out of a suit affecting the parent-child relationship filed by the real party in interest, Ricky Therwhanger. Baggett alleges that the trial court erred when it denied her motion to dismiss for lack of jurisdiction and her motion for summary judgment, when it excluded public record and vital-statistics evidence, and when it granted Therwhanger an exception to the statute of limitations. Specifically, Baggett petitions this court for a writ of mandamus instructing the trial court to vacate its order for genetic testing. Baggett

claims that Therwhanger failed to bring his suit within the four-year statute of limitations period.

In reviewing a petition for writ of mandamus, we look to whether the trial court committed a clear abuse of discretion and, if so, whether there is an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Generally, the Family Code prohibits a person from bringing a suit to adjudicate parentage outside the four-year statute of limitations when a child has a presumed, acknowledged, or adjudicated father. TEX. FAM. CODE ANN. §§ 160.607(a), 160.609(b) (West 2014). However, when a child does not have a presumed, acknowledged, or adjudicated father, there is no time limitation for a person to file suit. *Id.* § 160.606. A party must be entitled to maintain a suit to adjudicate parentage before a trial court can order genetic testing. *In re Rodriguez*, 248 S.W.3d 444, 450–51 (Tex. App.—Dallas 2008, orig. proceeding). Once the genetic testing is ordered and the results are released, the harm cannot be undone and, thus, there is no adequate remedy at law. *Id.* at 454.

Here, Baggett claimed that the child had an acknowledged father and that Therwhanger did not file suit within the required time limit. After reviewing the record, we find that Baggett did not present admissible evidence to show that the child had an acknowledged father. During the hearing on Baggett's motion to dismiss and motion for summary judgment, Baggett offered into evidence an acknowledgement of paternity, which she had obtained from the hospital. Therwhanger objected on the ground that it was hearsay and not properly authenticated under the business records exception. *See* TEX. R. EVID. 803(6). The trial court sustained Therwhanger's objection. Baggett did not attach the acknowledgement to her motion to dismiss or her motion for summary judgment, nor did she file a business records affidavit fourteen days before the hearing as

2

required under TEX. R. EVID. 902(10) as it existed at the time.[1]  Furthermore, Baggett did not offer a certified copy of the acknowledgment from the bureau of vital statistics.  *See* TEX. R. EVID. 803(8), 803(9), 902(4); *see also* FAM. §§ 160.301–.313.  The trial court did not permit Baggett to testify from the unauthenticated acknowledgment; thus, Baggett was unable to establish that the child had an acknowledged father.

Because Baggett failed to establish that the child had a presumed, acknowledged, or adjudicated father, she failed to prove that Therwhanger was required to file suit within the four-year statute of limitations.  *See* FAM. § 160.606. Therefore, the trial court did not err when it denied Baggett's motion to dismiss and her motion for summary judgment and when it ordered genetic testing.

We deny Relator's petition for writ of mandamus.

PER CURIAM

September 30, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]We note that Rule 902(10), which relates to self-authentication, has recently been amended to delete the requirement that a business record accompanied by an affidavit be filed with the trial court prior to trial.  The amendment applies only to cases filed after September 1, 2014.